DAMON M. BROWN, County Counsel (SBN 242265)
By: JORDAN K. McCANN, Principal Deputy (SBN 307337)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 307-2396; Fax: (619) 531-6005
E-mail: Jordan.McCann@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JOHN DS ROE, an individual; JOHN AV ROE, an individual; JOHN LJ ROE, an individual; JOHN JH ROE, an individual; JOHN DG ROE, an individual; JOHN AI ROE, an individual

    Plaintiffs,

  v.

COUNTY OF SAN DIEGO, a governmental entity; OFFICER MENDOZA, an individual; OFFICER GONZALES, an individual; OFFICER RODRIGUEZ, an individual; OFFICER CLARK, an individual; OFFICER HERNANDEZ, an individual; OFFICER RUBYOCOVA, an individual; OFFICER DELGADO, an individual; and DOES 1 – 500, inclusive

    Defendants.

AND ALL CONSOLIDATED ACTIONS

No. 26cv03197-TWR-SBC

**DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**[F.R.C.P. 12(b)(6)]**

Date:      To be determined by the court
Time:     To be determined by the court
Courtroom: 14A
Judge:    Todd W. Robinson

Action Removed: May 22, 2026
Trial Date: None Yet Set

# Table of Contents

**Page(s)**

I. INTRODUCTION .................................................................................................. 1

II. ALLEGED FACTS ............................................................................................. 1

III. AUTHORITY FOR MOTION TO DISMISS .................................................... 2

IV. ANALYSIS.......................................................................................................... 3

    A.    Plaintiffs' Claims Under 42 U.S.C. § 1983 (Causes of Action Eleven And Twelve) Are Barred by the Statute of Limitations...................... 3

        1.    Plaintiffs insufficiently attempt to plead delayed accrual to bypass statute of limitations issues. ............................................5

        2.    Plaintiffs conflate equitable tolling with equitable estoppel and try to unsuccessfully circumvent the statute of limitations............ 6

    B.    Plaintiffs' Claims Under 42 U.S.C. § 1983 (Causes of Action Eleven And Twelve) Must Be Dismissed Because Plaintiffs Fail to Plead Facts to State a Cognizable Monell Claim. ...................................... 8

        1.    Plaintiffs do not adequately allege that their injuries were caused by any unlawful County policy or well-settled custom (Cause of Action Eleven)................................................................. 9

        2.    Plaintiffs' twelfth claim falls below Rule 8 pleading standards by not identifying the constitutional violation................................... 11

        3.    Plaintiffs fail to plead sufficient facts to support a Monell claim under a Failure to Train, Supervise, and Discipline theory of liability (Cause of Action Twelve). ...................................... 12

    C.    Plaintiffs' Claim Under Government Code Section 845.6 (Cause of Action Ten) Is Barred by The Statute of Limitations, and Plaintiffs Failed to Timely File a Government Claims Form. ...................................... 14

        1.    California Civil Code section 340.1 did not expand the statute of limitations for failure to summon medical care, and Plaintiffs did not bring this claim in a timely manner. ....................................... 14

        2.    Plaintiffs' allegations of delayed accrual and equitable estoppel with regard to the section 845.6 claim are facially invalid.................................................................................... 15

        3.    Plaintiffs failed to file a Government Tort Claim within six months of the claim's accrual. ........................................... 17

    D.    Plaintiffs Fail to Plead Facts to State a Cognizable Claim Under Government Code Section 845.6 (Cause of Action Ten). ........................... 18

26cv03197-TWR-SBC

**Table of Contents**

**(continued)**

**Page(s)**

E.   Plaintiffs' Claims Against County Employees in Their Official Capacities are Claims Against the County, and the County Has Immunity For Such Claims. ..................................................................22

    1.   The County has immunity for injuries to prisoners under Government Code section 845.6. ............................................22

    2.   California Civil Code section 52.1(n) eliminated section 844.6 immunity in 2022, but it was not retroactive and does not apply in this case. ....................................................................23

F.   Plaintiffs Seek an Impermissible Grant of Punitive Damages Against The County and Employees in Their Official Capacities. ...........................25

V.   CONCLUSION.............................................................................25

## Table of Authorities

**Cases**                                                                                          **Page(s)**

*Addison v. State*
  of California, 21 Cal. 3d 313 (1978) .................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................. 2, 3

*Bagley v. CMC Real Estate Corp.*,
  923 F.2d 758 (9th Cir. 1991) ......................................................................... 5

*Baker v. McCollan*,
  443 U.S. 137 (1979) ................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 2, 3

*Bitner v. Dept. of Corrections and Rehabilitation*,
  87 Cal. App. 5th 1048 (2023) ......................................................................... 23

*Blankenhorn v. City of Orange*,
  485 F.3d 463 (9th Cir. 2007) ......................................................................... 13

*Bd. of the Cnty. Comm'rs v. Brown*,
  520 U.S. 397 (1997) ........................................................................... 9, 10, 13

*Brown v. Poway Unified School Dist.*,
  4 Cal. 4th 820 (1993) ................................................................................. 22

*Canatella v. Van De Kamp*,
  486 F.3d 1128 (9th Cir. 2007) ......................................................................... 4

*Caples v. City of Phoenix*,
  804 Fed. App'x 595 (9th Cir. 2020) ................................................................... 5

*Castaneda v. Dept. of Corr. & Rehab.*,
  212 Cal. App. 4th 1051 (2013) .................................................................... 18, 19

*Newport v. Fact Concerts*,
  453 U.S. 247 (1981) ................................................................................... 25

City of *St. Louis v. Praprotnik*,
  485 U.S. 112 (1988) ................................................................................... 10

*City of Stockton v. Super Ct.*,
  42 Cal.4th 730 (2007) ................................................................................. 17

*Clouthier v. Cty. of Contra Costa*,
  591 F.3d 1232 (9th Cir. 2010) ......................................................................... 9

*Connick v. Thompson*,
  563 U.S. 51 (2011) ................................................................................. 11, 13

*Derose v. Carswell*,
  196 Cal. App. 3d 1011 (1987) ......................................................................... 16

**Table of Authorities**

**(continued)**

**Cases**                                                             **Page(s)**

*Doughtery v. City of Covina,*
654 F.3d 892 (9th Cir. 2011) ........................................................................ 13

*Estate of Mendez v. City of Ceres,*
390 F.Supp.3d 1189, (E.D. Cal. 2019) ..................................................... 13-14

*Gates v. Superior Court,*
32 Cal. App. 4th 481 (1995) ......................................................................... 23

*Gibson v. County of Washoe, Nev.,*
290 F.3d 1175 (9th Cir. 2002) ................................................................. 10, 13

*Golden v. Dungan,*
20 Cal. App. 3d 295 (1971) ......................................................................... 18

*Guerrero v. Gates,*
442 F.3d 697 (9th Cir. 2006) ......................................................................... 8

*Hegyes v. Unjian Enters.,*
234 Cal. App. 3d 1103 (1991) ..................................................................... 21

*Ivey v. Bd. of Regents*
of Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982) .................................... 12, 3

*Jackson v. Barnes,*
No. CV 04-08017 RSWL RZ, 2015 WL 898326 (C.D. Cal. 2015) ........................... 12

*Johnson v. Henderson,*
314 F.3d 409 (9th Cir. 2002) ................................................................. 7-8, 8

*Jolly v. Eli Lilly & Co.,*
44 Cal. 3d 1103 (1988) ................................................................................. 5

*Kentucky v. Graham,*
473 U.S. 459 (1985) ............................................................................... 22, 25

*Kinney v. County of Contra Costa,*
8 Cal. App. 3d 761 (1970) ........................................................................... 19

*La Mere v. L.A. Unified School Dist.,*
35 Cal. App.5th 237 (2019) ......................................................................... 17

*Lantzy v. Centex Homes,*
31 Cal. 4th 363 (2003) ................................................................................. 7

*Lawson v. Superior Court*
180 Cal. App. 4th 1385 (2010) ..................................................................... 19

*Lucas v. City of Long Beach,*
60 Cal. App. 3d 341 (1976) ............................................................... 18, 19, 22

26cv03197-TWR-SBC

**Table of Authorities**

**(continued)**

**Cases**                                                                                                    **Page(s)**

*Lucas v. County of Los Angeles*,
    47 Cal. App. 4th 277 (1996) ................................................................................ 18

*Lukovsky v. City and County Of San Francisco*,
    535 F.3d 1044 (2008) ........................................................................................ 6

*McDonald v. Antelope Valley Community College Dist.*,
    45 Cal. 4th 88 (2008) ......................................................................................... 7

*Molina v. Diaz*,
    No. EDCV2000518SVWAS, 2021 WL 6125847 (C.D. Cal. 2021) ...................... 12

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ............................................................................... 22, 5, 8

*Naas v. Stolman*,
    130 F.3d 892 (9th Cir. 1997) .............................................................................. 3

*Norgart v. Upjohn Co.*,
    21 Cal. 4th 383 (1999) ...................................................................................... 15

*Owens v. Okure*,
    488 U.S. 235 (1989) ........................................................................................... 4

*Patricia J. v. Rio Linda Union Sch. Dist.*,
    61 Cal. App. 3d 278 (1976) ............................................................................... 23

*Paul v. Davis*,
    424 U.S. 693 (1976) .................................................................................... 11-12

*Polich v. Burlington Northern, Inc.*,
    942 F.2d 1467 (9th Cir. 1991) ............................................................................ 3

*Sanchez v. South Hoover Hospital*,
    18 Cal. 3d 93 (1976) ......................................................................................... 15

*Santa Maria v. Pacific Bell*,
    202 F.3d 1170 (9th Cir. 2000) ............................................................................ 8

*Shah v. Cnty. Of Los Angeles*,
    797 F.2d 743 (9th Cir. 1986) ............................................................................ 11

*Sofranek v. Cty. of Merced*,
    146 Cal. App. 4th 1238 (2007) ......................................................................... 16

*Soto v. Sweetman*,
    882 F.3d 865 (9th Cir. 2018) .............................................................................. 4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................. 3

vi

26cv03197-TWR-SBC

**Table of Authorities**

**(continued)**

**Cases**                                                                                                          **Page(s)**

*Steckman v. Hart Brewing*,
     143 F.3d 1293 (9th Cir. 1998) ................................................................. 3

*Tate v. Canonica*,
     180 Cal. App. 2d 898 (1960) ................................................................. 18

*Trevino v. Gates*,
     99 F.3d 911 (9th Cir. 1996) ................................................................. 10

*Von Saher v. Norton Simon Museum of Art of Pasadena*,
     592 F.3d 956 (9th Cir. 2010) ................................................................. 4

*Wallace v. Kato*,
     549 U.S. 384 (2007) ................................................................. 4, 5, 6

*Ward v. Westinghouse Canada, Inc.*,
     32 F.3d 1405 (9th Cir. 1994) ................................................................. 5

*Watson v. State of California*,
     21 Cal. App. 4th 836 (1993) ................................................................. 18

*Wiley v. Kern High School District*,
     107 Cal. App. 5th 765 (2024) ................................................................. 24

**Statutes**

42 U.S.C. § 1983 ................................................................. *passim*

Cal. Civ. Code
     § 3 ................................................................. 23
     § 52.1 ................................................................. 23, 24
     § 3294 ................................................................. 25

Cal. Civ. Proc. Code
     § 304.1 ................................................................. 14
     § 335.1 ................................................................. 14, 4, 9
     § 340.1 ................................................................. *passim*
     § 352 ................................................................. 4, 6
     § 430.10 ................................................................. 21

Cal. Gov. Code
     § 810, et seq. ................................................................. 22
     § 815.2 ................................................................. 22
     § 818 ................................................................. 25
     § 821.6 ................................................................. 24
     § 844.6 ................................................................. *passim*
     § 845.6 ................................................................. *passim*
     § 905 ................................................................. 17
     § 911.2 ................................................................. 17
     § 945.4 ................................................................. *passim*

26cv03197-TWR-SBC

**Table of Authorities**

**(continued)**

**Rules**                                                                                                          **Page(s)**

Fed. Rules of Civ. Proc.
    Rule 8 ........................................................................................................................ 11, 12
    Rule 12 ....................................................................................................................... 1, 2, 3

26cv03197-TWR-SBC

## I.    INTRODUCTION

Defendant County of San Diego ("County") moves to dismiss Plaintiffs John JR Roe, John EG Roe, John DC Roe, John AM Roe, John NO Roe, and John LY Roe's ("Plaintiffs") Second Amended Complaint ("SAC") against the County and employees in their official capacities for six reasons.

First, Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the statute of limitations.

Second, Plaintiffs fail to plead sufficient facts to state a cognizable *Monell* claim under 42 U.S.C. § 1983.

Third, Plaintiffs' claims under Government Code section 845.6 are barred by the statute of limitations, and Plaintiffs failed to timely file Government Claims Forms.

Fourth, Plaintiffs fail to plead facts to state a cognizable claim under Government Code section 845.6, their tenth claim.

Fifth, Plaintiffs' claims against officers in their "official capacity" are claims against the County, and the County has immunity for injuries to prisoners.

Sixth, Plaintiffs seek punitive damages against the County, which are unavailable under California and federal law.

## II.    ALLEGED FACTS

Plaintiffs' SAC alleges the following:

- Plaintiff John JR Roe alleges that, in or around 2002, he was a minor confined at Kearny Mesa Juvenile Detention Facility ("KMJDF"); Plaintiff alleges that he was sexually abused by unidentified officers during this confinement at KMJDF.  (ECF No. 1, SAC, ¶¶ 93(a)(i)-(iv).)

- Plaintiff John EG Roe alleges that, in or around 2007, he was a minor confined at Camp Barrett Juvenile Detention Facility ("CBJDF"); Plaintiff alleges that he was sexually abused by Officer Comagon during this confinement at CBJDF.  (ECF No. 1, SAC, ¶¶ 93(b)(i)-(v).)

///

1

26cv03197-TWR-SBC

- Plaintiff John DC Roe alleges that, in or around 2007 to 2010, he was a minor confined at KMJDF, CBJDF, and East Mesa Juvenile Detention Facility ("EMJDF"); Plaintiff alleges that he was sexually abused by unidentified probation officers during this confinement at the juvenile detention facilities.  (ECF No. 1, SAC, ¶¶ 93(c)(i)-(v).)

- Plaintiff John AM Roe alleges that, in or around 2010, he was a minor confined at Rancho Del Campo Juvenile Detention Facility ("RDCJDF"); Plaintiff alleges that he was sedated and sexually abused multiple times by an unidentified County employee during his confinement at CBJDF.  (ECF No. 1, SAC, ¶¶ 93(d)(i)-(vii).)

- Plaintiff John NO Roe alleges that, in or around 2010 to 2011, he was a minor confined at EMJDF; Plaintiff alleges that he was sexually abused by an unidentified male probation officer during his confinement at EMJDF. (ECF No. 1, SAC, ¶¶ 93(e)(i)-(ii).)

- Plaintiff John LY Roe alleges that, in or around 2002 to 2003, he was a minor confined at KMJDF; Plaintiff alleges that he was sexually abused by Dyan Sebastian, a female teacher's assistant, during his confinement at KMJDF.  (ECF No. 1, SAC, ¶ 93(f)(i)-(v).)

## III.    AUTHORITY FOR MOTION TO DISMISS

Dismissal under Rule 12(b)(6)[1] is proper when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and thus, fails to comport with the pleading requirements set forth in Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard requires "more than a sheer possibility that a

---

[1] Any reference to a "Rule" or "Rules" is to the Federal Rules of Civil Procedure.

defendant has acted unlawfully." *Id*.  In fact, "[s]ome threshold of plausibility must be crossed at the outset" before a case can go forward.  *Twombly*, 550 U.S. at 558.

While a district court must accept all factual allegations in the challenged complaint as true, this principle is inapplicable to the allegations "that contradict matters properly subject to judicial notice or by exhibit" or ones "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Indeed, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  In the context of civil rights violations specifically, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The complaint will not survive a Rule 12(b)(6) motion "if it tenders naked assertions devoid of further factual enhancement" or if it contains a merely "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

Though parties are generally allowed to amend their pleadings, this liberty "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."  *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted).  Dismissal without leave to amend is appropriate when "it is clear. . . that the complaint could not be saved by any amendment."  *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).  Denying leave to amend is appropriate where the "amended claim would still be barred by the statute of limitations."  *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997).

## IV.    ANALYSIS

### A.    Plaintiffs' Claims Under 42 U.S.C. § 1983 (Causes of Action Eleven and Twelve) Are Barred by the Statute of Limitations.

A court should dismiss a claim pursuant to Rule of Civil Procedure 12(b)(6) on the grounds that the statute of limitations has expired when "the running of the statute is

3

apparent on the face of the complaint," and there are no facts that could establish the timeliness. *Von Saher v. Norton Simon Museum of Art of Pasadena*, 592 F.3d 956, 969 (9th Cir. 2010). Plaintiffs' 42 U.S.C. § 1983 claims, their eleventh and twelfth causes of action, are barred by the statute of limitations. California Code of Civil Procedure section 335.1 establishes the two-year statute of limitations for § 1983 claims.

Since § 1983 does not specify a statute of limitations, courts borrow state statutes of limitations and tolling rules for personal injury actions brought pursuant to § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). If states have multiple statutes of limitations, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In *Owens*, the Supreme Court declined to borrow the statute of limitations for intentional torts "most analogous" to § 1983 claims. *Id.* at 248. Instead, the Court held that courts should borrow the state's general or residual personal injury statute of limitations so parties can "readily ascertain, with little risk of confusion or unpredictability, the applicable limitations period in advance of filing a § 1983 action." *Id.* at 245-48. Consequently, the lengthier statute of limitations established by California Code of Civil Procedure section 340.1 for childhood sexual abuse claims does not apply to § 1983 claims.

In California, § 1983 claims are subject to the statute of limitations for general or residual personal injury actions in Code of Civil Procedure sections 335.1 (post-January 1, 2003) and 340 (pre-January 1, 2003). *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007). Code of Civil Procedure section 335.1 establishes a two-year statute of limitations. Pursuant to Code of Civil Procedure section 352(a), a minor's cause of action is tolled until s/he reaches eighteen years old.

Here, Plaintiffs turned eighteen years old in the following years: John JR Roe in 2003; John EG Roe in 2008; John DC Roe in 2011; John AM Roe in 2013; John NO Roe in 2014; and John LY Roe in 2003. (*See* ECF No. 1, SAC ¶ 93.) The statute of limitations for Plaintiffs would expire two years after they turned eighteen.

26cv03197-TWR-SBC

### 1. Plaintiffs insufficiently attempt to plead delayed accrual to bypass statute of limitations issues.

Though the statute of limitations and tolling rules are taken from state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (*emphasis in original*). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotation marks omitted). "[A]ccrual occurs when the plaintiff has "a complete and present cause of action. . . that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at 388 (citations omitted).

Municipal liability is dependent upon the underlying constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). The Ninth Circuit has not adopted a delayed-accrual theory that would distinguish when a claim accrues in an individual § 1983 as opposed to a *Monell* § 1983 claim. *See Caples v. City of Phoenix*, 804 Fed. App'x 595 (9th Cir. 2020).

> The tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable.

*Wallace*, 549 U.S. at 391 (*quoting* 1 C. Corman, Limitations of Actions § 7.4.1, pp. 526-527 (1991)).

"An action ordinarily accrues on the date of injury." *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994). A claim accrues "when the plaintiff suspects or should suspect that her injury *was caused by wrongdoing, that someone has done something wrong to her*…[T]he limitations period begins once the plaintiff 'has notice or information of circumstances to put a reasonable person on inquiry.'" *Id*. (*quoting Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988)). Accrual does not wait until plaintiffs discover every fact supporting liability; it begins when plaintiffs know

5

they have been injured by wrongdoing, regardless of whether plaintiffs know the legal injury. *Lukovsky v. City and County Of San Francisco*, 535 F.3d 1044, 1050-51 (2008).

All plaintiffs identify the alleged perpetrators as County employees who worked in juvenile detention facilities. (ECF No. 1, SAC, ¶ 93.) Additionally, all plaintiffs "understood [they] had been abused" at the time of the abuse. (*Id.*) Thus, even if they did not know the full extent of the damages, the claims accrued at the time of the abuse.

Plaintiffs allege that they did not know "County policies, customs, and failures were the moving force behind the constitutional violation." (ECF No. 1, SAC, ¶ 93.) They assert that they did not learn of potential facts supporting a *Monell* claim until their attorney began investigating. (*Id.*, ¶ 49.) However, their discovery of a potential *legal injury* is irrelevant to determining when the claim accrued. *See Lukovsky*, 535 F.3d at 1054. A ruling that a § 1983 claim does not accrue until a plaintiff's attorney decides on a theory of liability would run afoul of legal precedent and allow the statute of limitations to be tolled indefinitely until a plaintiff's attorney settles on their preferred legal theory.

A *Monell* claim does not involve a separate injury distinct from the underlying constitutional violation. Since federal law measures accrual from when the plaintiff knew or had reason to know of the injury (i.e., the underlying constitutional violation), later discovery of evidence allegedly supporting municipal liability does not postpone accrual. Despite Plaintiffs' assertions in the SAC, case law dictates that Plaintiffs' claims in this case accrued at the time of injury.[2]

> **2.    *Plaintiffs conflate equitable tolling with equitable estoppel and try to unsuccessfully circumvent the statute of limitations.***

As noted above, in addition to borrowing state statutes of limitations, courts borrow state tolling rules for actions brought pursuant to § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Code of Civil Procedure section 352(a) provides for statutory

---

[2] Though the claims accrued at the time of the alleged abuse, the County does not dispute that they were tolled until Plaintiffs turned eighteen pursuant to California Code of Civil Procedure section 352(a).

26cv03197-TWR-SBC

tolling if the person is under the age of eighteen at the time the cause of action accrued. Equitable tolling is a judicially-created doctrine that requires: (1) timely notice, (2) lack of prejudice to the defendant in gathering evidence, and (3) the plaintiff's reasonable and good faith conduct. *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978).

> [Equitable tolling] applies when an injured person has several legal remedies and, reasonably and in good faith pursues one. Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason.

*McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 100 (2008) (internal citation and quotations omitted.)

Plaintiffs do not allege that they pursued another remedy or provided notice to the County within the statute of limitations period.  Instead, they assert that "equitable tolling is warranted because of extraordinary circumstances, including trauma, coercive custodial control, fear of retaliation, untreated mental-health consequences of abuse, and concealment of institutional facts." (ECF No. 1, SAC ¶ 52.)  However, there is no legal basis for equitable tolling.  Plaintiffs do not allege *any* facts that would satisfy the elements of equitable tolling: (1) they did not give timely notice, (2) the substantial delay in notice prejudiced the County in gathering evidence, and (3) they did not reasonably and in good faith attempt to pursue the claims in another manner.  *See Addison*, 21 Cal. 3d at 319.  Simply put, Plaintiffs failed to provide any facts to support equitable tolling.

Instead, Plaintiffs are repackaging equitable estoppel as equitable tolling to try to avoid the statute of limitations.  However, "[e]quitable tolling and equitable estoppel are distinct doctrines." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003).  In this case, neither equitable tolling nor equitable estoppel is supported by any alleged facts.

To find equitable estoppel, courts look at (1) plaintiff's actual, reasonable reliance on a defendant's representations or conduct; (2) evidence of a defendant's improper purpose or knowledge of the deceptive nature of the conduct; and (3) the extent to which the purposes of the statute of limitations have been satisfied. *Johnson v. Henderson*, 314

7

F.3d 409, 414 (9th Cir. 2002) (*quoting Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)).  Equitable estoppel pauses the statute of limitations when "there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."  *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotations omitted).  The doctrine requires conduct separate from the underlying tort itself.  Otherwise, every intentional constitutional violation involving threats or coercion would automatically suspend the statute of limitations period indefinitely.

Plaintiffs allege they "were deterred by threats, intimidation, coercion, fear of punishment, and fear of not being believed, and [the] County concealed prior complaints, investigative failures, and systemic findings."  (ECF No. 1, SAC, ¶ 49.)  Plaintiffs' mislabeled assertion of equitable estoppel is premised on threats, intimidation, etc., all of which are the bases for the underlying constitutional violations.  These alleged threats occurred at the time of the sexual misconduct.  Plaintiffs cannot rely on generalized allegations of their subjective fear without alleging affirmative acts undertaken to prevent timely filing.  *See Johnson*, 314 F.3d at 414.  Plaintiffs provide no facts showing that the County engaged in any post-accrual misconduct specifically intended to delay litigation or even that the County or its representatives had any contact with Plaintiffs after they reached eighteen (between 2003 and 2014, depending on the Plaintiff).  Additionally, Plaintiffs offer no facts to show why they waited one or two decades after the threats ceased to bring this action.

Plaintiffs fail to plead *any* facts supporting either equitable tolling or equitable estoppel.  Thus, the § 1983 claims must be dismissed as beyond the statute of limitations.

**B.      Plaintiffs' Claims Under 42 U.S.C. § 1983 (Causes of Action Eleven and Twelve) Must Be Dismissed Because Plaintiffs Fail to Plead Facts to State a Cognizable *Monell* Claim.**

Although § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has held that municipalities qualify as "persons."  *Monell*, 436 U.S. at 690–91.  A municipality may be

8

26cv03197-TWR-SBC

held liable for a claim brought under § 1983 only when the municipality inflicts an injury; it may not be held liable under a respondeat superior theory. *Id.* at 694. To show that the municipality violated someone's rights or instructed its employees to do so, a plaintiff must prove that the municipality acted with "the state of mind required to prove the underlying violation," just as a plaintiff does when he or she alleges that a natural person has violated his federal rights. *Board of County Comm'rs of Bryan County, Okl. v. Brown* ("*Bryan County*"), 520 U.S. 397, 405 (1997).

Municipal liability for civil rights violations is limited to the following three circumstances:

(i)   When the municipality's official policies or established customs inflicted the constitutional injury;

(ii)  When the municipality's omissions or failures to act, including the failure to train its officials, amounted to a policy of "deliberate indifference" to constitutional rights; or

(iii) When a government official with final policy-making authority either committed the underlying constitutional violation themselves or ratified the unconstitutional conduct of a subordinate.

*See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled on other grounds*, *Castro*, 833 F.3d 1060.

The SAC is devoid of allegations regarding conduct by an official with final policy-making authority, except for a passing reference to "final policymakers" without identifying a policymaker or alleging ratification. (ECF No. 1, SAC, ¶ 219.) Rather, the *Monell* claims are brought under the first two theories of liability: (i) unlawful policies or customs, and (ii) failure to train, supervise, and discipline. (*Id.*, ¶¶ 207-29.)

### 1. *Plaintiffs do not adequately allege that their injuries were caused by any unlawful County policy or well-settled custom (Cause of Action Eleven).*

To state a valid *Monell* claim under a "policy or custom" theory, a plaintiff must allege their rights were violated pursuant to either (a) a formally adopted or decreed

9

26cv03197-TWR-SBC

municipal "policy," or (b) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal citations omitted).

The SAC fails to identify any unlawful formal (i.e., written) County policy that injured Plaintiffs. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bryan County*, 520 U.S. at 403-04.

Absent identifying formal policies, Plaintiffs must allege sufficient facts to support "the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. Additionally, the unlawful custom or practice must have been the "moving force" behind the constitutional violation at hand. *Bryan County*, 520 U.S. at 400. This requires "the identified deficiency in the County's policies [or customs] is closely related to the ultimate injury," and the plaintiff bears the burden "to establish that the injury would have been avoided" but for the alleged deficiency. *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1196 (9th Cir. 2002) (internal citations and quotations omitted).

Plaintiffs' allegations do not satisfy the pleading standards. The SAC generally asserts that the County "maintained and permitted customs, practices, and policies of deliberate indifference" related to sexual abuse in juvenile detention facilities, including inadequate supervision, deficient staffing, and ineffective grievance mechanisms. (ECF No. 1, SAC, ¶ 219.) However, the pleading does not identify any specific County policy, longstanding practice, policymaker decision, or factual pattern plausibly connecting these abstract assertions to Plaintiffs' alleged injuries.

10

26cv03197-TWR-SBC

Instead, Plaintiffs rely on broad, conclusory references to "prior allegations," "published PREA Statistics" (PREA statistics were not available until *after* the alleged conduct, as noted in ECF No. 1, SAC, ¶ 4(f)), "government reports," "NGO findings," "whistleblower accounts," and "staffing deficiencies". (ECF No. 1, SAC, ¶ 220). Plaintiffs do not describe what those materials specifically reported; when they were issued in relation to the alleged conduct; or whether County policymakers actually reviewed or were aware of them. Additionally, the SAC lacks any information about whether these "reports," "allegations," or "accounts" concerned the same facility, personnel, conduct, or constitutional violations alleged here as well as how any such information made the alleged misconduct against Plaintiffs foreseeable. Simply citing to these sources without providing any information contained therein cannot support a conclusion that there was a longstanding practice that constitutes the standard operating procedure of the local government entity.

Such generalized allegations of institutional problems are insufficient to plausibly establish deliberate indifference. To state a *Monell* claim, Plaintiffs would need to make some showing that the alleged perpetrators acted pursuant to an established policy or custom when causing the injury as opposed to acting on their own desires. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Plaintiffs' generalized claims do not demonstrate any widespread custom whatsoever, let alone one that was the driving force behind the alleged sexual assaults. The SAC fails to sufficiently plead that policymakers knew or should have known about a widespread custom of sexual abuse and failed to stop it.

        **2.**        ***Plaintiffs' twelfth claim falls below Rule 8 pleading standards by not identifying the constitutional violation.***

"There are two essential elements to a section 1983 action: first, that the defendant acted under 'color of law'; and, second, that the defendant's conduct deprived the plaintiff of a federally protected right." *Shah v. Cnty. Of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986). To satisfy the second element, a plaintiff must point to the "specific constitutional guarantee safeguarding the interest he asserts has been invaded." *Paul v.*

11

*Davis*, 424 U.S. 693, 700 (1976).  In other words, to sustain a § 1983 claim, "it is necessary to isolate the precise constitutional violation with which [the defendant] is charged."  *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The SAC alleges generally that the "County's unconstitutional failures in training, supervision, investigation, and discipline were the moving force behind the violations of Plaintiffs' Fourteenth Amendment rights."  (ECF No. 1, SAC, ¶ 229.)  Plaintiffs fail to specify which of the rights secured by the cited Constitutional Amendment were allegedly infringed upon.  This "constitutional amendment[] encompasses different legal rights, with distinct requirements," such that "[w]ithout further clarification, [] Defendant would be unable to discern which rights he or she is alleged to have violated, and what he or she allegedly did to violate such rights."  *Molina v. Diaz*, No. EDCV2000518SVWAS, 2021 WL 6125847, at *5 (C.D. Cal. 2021) (explaining how, "[t]he Fourteenth Amendment, for example, encompasses rights to due process and equal protection, among other rights.").

Plaintiffs' failure to identify which of their federal rights were violated, and consequently how the County's actions caused each type of violation, is itself fatal to their § 1983 claims.  *See Ivey*, 673 F.2d at 268 ("[Even] a liberal interpretation of a civil rights complaint may not supply essential elements of [a] claim that were not initially pled").  District courts have even gone so far as to reject civil rights complaints that string together constitutional violations, and do not separate them out into distinct counts.  *See Jackson v. Barnes*, No. CV 04-08017 RSWL RZ, 2015 WL 898326, at *3 (C.D. Cal. 2015).  Plaintiffs' failure to identify the specific right afforded by the Fourteenth Amendment violates the Rule 8 standards for pleading.

### 3. *Plaintiffs fail to plead sufficient facts to support a Monell claim under a Failure to Train, Supervise, and Discipline theory of liability (Cause of Action Twelve).*

A *Monell* claim brought under the second "failure to act" theory must plausibly allege the municipality was "deliberately indifferent" to the litigant's rights, which in this context, requires a showing "that the municipality was on actual or constructive notice

12

26cv03197-TWR-SBC

that its omission would likely result in a constitutional violation." *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002). In other words, municipal liability may stem from a failure to prevent constitutional injury only when "the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *Id*. at 1194 (quotations and citations omitted).

Plaintiffs' allegations in the twelfth cause of action attempt to plead this deliberate indifference standard with regard to a failure to train, supervise or discipline. (ECF No. 1, SAC, ¶¶ 222-29.) "Deliberate indifference is a stringent standard of fault." *Connick*, 563 U.S. at 61 (quoting *Bryan Cty.*, 520 U.S. at 410). "Mere negligence in training or supervision . . . does not give rise to a *Monell* claim. *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). It follows that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61.

To allege a viable constitutional "failure to train, supervise, and discipline" claim, Plaintiffs must identify "a program-wide inadequacy" in training, supervising, and disciplining. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484-85 (9th Cir. 2007). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. . . [as is] notice that a course of training is deficient in a particular respect." *Connick*, 563 U.S. at 62 (quotations omitted).

Plaintiffs have not identified a program-wide training, supervision, and discipline deficiency. Instead, they allege that since this misconduct occurred, there must have been a failure to train, supervise, and discipline. (ECF No. 1, SAC, ¶¶ 224-28.). Their twelfth cause of action is an attempt to repackage a negligence claim as a constitutional claim by relying on conclusory statements that do not show a pattern of prior, similar constitutional violations that demonstrate deliberate indifference. *See e.g., Estate of Mendez v. City of Ceres*, 390 F.Supp.3d 1189, 1211, (E.D. Cal. 2019) ("Plaintiffs have not alleged sufficiently a pattern of prior, similar constitutional violations that plausibly

13

26cv03197-TWR-SBC

demonstrate deliberate indifference in training. . . Defendants' motion to dismiss the *Monell* claims against the City is GRANTED.").

### C. Plaintiffs' Claim Under Government Code Section 845.6 (Cause of Action Ten) Is Barred by The Statute of Limitations, And Plaintiffs Failed to Timely File A Government Claims Form.

#### 1. *California Civil Code section 340.1 did not expand the statute of limitations for failure to summon medical care, and Plaintiffs did not bring this claim in a timely manner.*

Government Code section 845.6 does not provide a specific statute of limitations; thus, Code of Civil Procedure section 335.1's two-year statute of limitations applies. The claims of failure to summon medical care are not subject to the lengthier statute of limitations provided by California Civil Code section 340.1.

The SAC relies on Code of Civil Procedure section 340.1 to allege that the claims against the County are timely. Section 340.1 addresses the time limits for the "recovery of damages suffered as a result of childhood sexual assault." Cal. Civ. Proc. Code § 304.1(a). Section 304.1 identifies three applicable types of actions:

(1) An action against any person for committing an act of childhood sexual assault.
(2) An action for liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff.
(3) An action for liability against any person or entity if an intentional act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff.

Cal. Civ. Code § 340.1(a)(1)-(3).

Plaintiffs' Government Code section 845.6 claim is based on an alleged failure to summon medical care *after* the alleged sexual assaults occurred, not for damages suffered as a result of childhood sexual assault. Since the exemption created by section 340.1 is limited to "actions for recovery of damages suffered as a result of childhood sexual assault," this provision did not expand the statute of limitations for Plaintiffs' section 845.6 claim.

The claims alleged in the SAC occurred between 2002 and 2011. (ECF No. 1, SAC, ¶ 93.) Assuming the statute of limitations would have been tolled until Plaintiffs

14

26cv03197-TWR-SBC

turned 18, the latest a suit based on a failure to summon immediate medical care could have been brought within the statute of limitations was: John JR Roe in 2005; John EG Roe in 2010; John DC Roe in 2013; John AM Roe in 2015; John NO Roe in 2016; and John LY Roe in 2005.  (*See* ECF No. 1, SAC, ¶ 93.)  Since this case was filed in 2025, the statute of limitations has lapsed, and this claim cannot survive.

### 2. *Plaintiffs' allegations of delayed accrual and equitable estoppel with regard to the section 845.6 claim are facially invalid.*

Accrual occurs when the "wrongful act is done" and the "consequent liability arises… It sets the date as the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (internal quotations and citations omitted).  In the context of section 845.6, accrual occurs at the time someone fails to summon medical care for a serious and obvious immediate need.

Plaintiffs appear to assert delayed accrual due to fraudulent concealment.  (ECF No. 1, SAC, ¶ 52.)  A "defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." *Sanchez v. South Hoover Hospital*, 18 Cal. 3d 93, 99 (1976).  Plaintiffs allege "[d]efendants concealed or failed to disclose facts concerning abuse, the need for immediate medical and psychological care, prior complaints, investigative failures, and systemic deficiencies." (ECF No. 1, SAC ¶ 52.)  The only "concealment" relevant here would be the need for immediate medical and psychological care.  However, Plaintiffs make no specific factual allegations regarding such concealment.  The Court should reject this assertion of fraudulent concealment as it is premised solely on one conclusory statement and lacks any supporting factual claims.

Additionally, if there was an immediate need for medical care, it could not have logically been concealed because there would be a serious and obvious need, as required by section 845.6.  It would have been discovered by Plaintiffs when they needed medical

///

15

26cv03197-TWR-SBC

care, which highlights that the claim accrued at the time of the alleged injury while detained at the juvenile facilities.

Plaintiffs also assert the related doctrine of equitable estoppel, which requires: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted on, or must so act that the party asserting estoppel had a right to believe it was so intended; (3) the party asserting estoppel must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Sofranek v. Cty. of Merced*, 146 Cal. App. 4th 1238, 1250 (2007). "To establish estoppel as an element of a suit the elements of estoppel must be especially pleaded in the complaint with sufficient accuracy to disclose facts relied upon." *Id*. (internal quotations and citations omitted).

Plaintiffs allege the County is estopped from asserting untimeliness because "Plaintiffs were deterred by threats, intimidation, coercion, fear of punishment, and fear of not being believed." (ECF No. 1, ¶ 52.) Despite the pleading requirements outlined in *Sofranek*, Plaintiffs do not disclose with any specificity the actual threats they relied upon; rather, they make general, conclusory statements. Additionally, the threats, intimidation, etc. to which Plaintiffs refer are part of the alleged misconduct while they were detained at juvenile facilities. They have not alleged any threats since leaving these facilities or in the ten to twenty years since Plaintiffs turned eighteen.

Estoppel does not apply because the alleged conduct on which Plaintiffs relied took place long before the expiration of the statute of limitations. *Derose v. Carswell*, 196 Cal. App. 3d 1011, 1026 (1987). If "there is still ample time to institute the action within the statutory period after the circumstances inducing delay have ceased to operate, the plaintiff who failed to do so cannot claim an estoppel." *Id*. The alleged threats were made at the latest in 2011, fourteen years before filing this action. There is no explanation as to why Plaintiffs waited so many years after any alleged threats ceased to take action. Plaintiffs could not reasonably rely on the threats during that entire time,

///

///

16

26cv03197-TWR-SBC

particularly after they turned eighteen and had been out of the County's custody for so long.  Plaintiffs' claims of delayed accrual and equitable estoppel are without any factual basis.

### 3.    *Plaintiffs failed to file a Government Tort Claim within six months of the claim's accrual.*

Since the County is a public entity, Plaintiffs' failure to present a government claim before filing this action is fatal to any Government Code section 845.6 claim against the County.  Under the Government Claims Act, plaintiffs cannot file an action against a public entity until they have presented a written claim and the claim has been acted on or rejected.  Cal. Gov. Code § 945.4.

Filing a timely claim is a condition precedent of filing a lawsuit against a public entity.  *La Mere v. L.A. Unified School Dist.*, 35 Cal.App.5th 237, 246 (2019).  A claim relating to a cause of action for injury to a person must be presented within six months after the accrual of the cause of action.  Cal. Gov. Code § 911.2(a).  "Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  *City of Stockton v. Super Ct.*, 42 Cal.4th 730, 738 (2007).

Plaintiffs did not file a Government Claims Form. Instead, Plaintiffs allege that the claims in the SAC are exempt from the claim filing requirements pursuant to Government Code section 905(m), which provides an exemption for childhood sexual assault claims made pursuant to Civil Code section 340.1.  (ECF No. 1, SAC, ¶¶ 34-35.)  However, these exemptions are limited to childhood sexual assault claims.  Cal. Gov. Code § 905(m).  As discussed above, Government Code section 845.6 establishes liability for failure to summon medical care, not childhood sexual assault.  Thus, Plaintiffs' failure to timely file a government claim form is fatal, and the Motion to Dismiss the tenth cause of action for failure to summon immediate medical care should be granted.

///

///

///

17

26cv03197-TWR-SBC

**D.      Plaintiffs Fail to Plead Facts to State a Cognizable Claim Under Government Code Section 845.6 (Cause of Action Ten).**

Though the County has immunity for injuries to prisoners, Plaintiff's tenth cause of action, Government Code section 845.6, is a narrow exception to the immunity conferred by section 844.6.  Section 845.6 states, in relevant part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Public entity liability under section 845.6 created a very limited, carefully circumscribed exception to the immunity provided by section 844.6, addressing only one specific concern: deliberate or knowing failure to summon medical care for a prisoner's immediate medical need.  *Castaneda v. Dept. of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013).  To state a claim under the section 845.6 exception, a prisoner must establish three elements: (1) the public employee knows or has reason to know, (2) of an *immediate* medical need, and (3) fails to take reasonable action to summon such medical care.  *Watson*, 21 Cal. App. 4th at 841-42.  Liability under section 845.6 is "limited to serious and obvious medical conditions requiring immediate care."  *Id*. at 841.  Under a section 845.6 claim, whether an employee "has reason to know" is an objective rather than subjective standard.  *Lucas v. County of Los Angeles*, 47 Cal. App. 4th 277, 288 (1996).

Additionally, "proximate cause" is a necessary element of the claim.  Gov. Code, § 845.6.  "Proximate cause is legal cause, as distinguished from the layman's notion of actual cause, and is always, in the first instance, a question of law."  *Golden v. Dungan*, 20 Cal. App. 3d 295, 311 (1971); *Tate v. Canonica*, 180 Cal. App. 2d 898, 901 (1960).  "It is axiomatic that for a person to be liable for another's injury the negligent conduct of the actor must be the legally recognizable cause of the injury."  *Lucas v. City of Long Beach*, 60 Cal. App. 3d 341, 345 (1976).  To establish proximate cause, the alleged injury

18

26cv03197-TWR-SBC

must be proximately caused by the failure to summon medical care, not by the underlying misconduct.  *See Castaneda*, 212 Cal. App. 4th at 1070.

Courts have consistently rejected attempts to expand section 845.6 liability beyond its narrow statutory purpose.  In *Lawson v. Superior Court* 180 Cal. App. 4th 1385 (2010), the court sustained a demurrer where a postpartum inmate alleged denial of medication and access to a breast pump.  These allegations did not constitute neglect of a serious and obvious medical condition requiring immediate care.  *Id.* at p. 1385.

Similarly, in *Lucas v. City of Long Beach*, 60 Cal. App. 3d at 345, officers booked a juvenile detainee who appeared emotionally upset by crying, expressed concern about his arrest, and acted moderately under the influence of a controlled substance.  The juvenile then committed suicide by hanging while in custody.  *Id.* at 345.  Despite these facts, the Court of Appeals reversed a jury verdict and held, as a matter of law, that the juvenile was not in need of immediate medical care and that any failure to summon care did not proximately cause the death.  *Id*. at 349-350.

The *Lucas* court explained:

> Government Code section 845.6 … envisions liability for *injury resulting from the failure to treat the physical condition requiring treatment* and not for some other incidental injury that might have been prevented by the mere presence of medical personnel.

(*Id.* at p. 350, emphasis added.)

In *Kinney v. County of Contra Costa*, 8 Cal. App. 3d 761, 769-70 (1970), the court upheld the trial court's granting of a motion for nonsuit on the grounds that a prisoner's complaints of a headache and request for medication were insufficient to place custodial staff on notice of an immediate medical need under section 845.6.  "A jail prisoner's request of an attendant for something for a headache cannot reasonably be deemed notice 'that the prisoner is in need of immediate medical care.'"  *Id*. at 770.

Government Code section 845.6 is a narrow waiver of immunity that imposes liability only for a specific omission: the failure to *summon* medical care for a prisoner

/ / /

19

26cv03197-TWR-SBC

with a known, serious, and obvious immediate medical need.  It is not a vehicle for recovering damages for the true proximate cause, such as an underlying intentional tort.

Plaintiff must plead a "second injury," a distinct harm that resulted specifically because a medical professional was not summoned, which would not have occurred otherwise.  Plaintiffs' SAC is legally insufficient because it conflates the harm caused by the alleged sexual abuse with the harm theoretically caused by a failure to summon care. Plaintiffs seek money damages for "prolonging [] acute trauma and increasing the severity of [] injuries," "increasing harm caused by the assaults," "substantially aggravating injuries," and "increasing the risk and severity of long-term harm" as well as "causing and aggravating Plaintiffs' physical pain, psychological injury, emotional distress, and loss of enjoyment of life" fifteen to twenty-three years later.  (ECF No. 1, SAC, ¶¶ 190, 205.)  However, these alleged injuries would be the direct consequence of the alleged sexual assaults themselves.  The SAC is missing any facts identifying a specific injury suffered at the time of the alleged conduct that flowed strictly from the *failure to summon medical care.*

Here, Plaintiff John JR Roe alleges that officers had reason to know that he was in need of immediate medical treatment because of "the nature of the abuse itself, combined with acute fear, humiliation, helplessness, and immediate medical distress."  (ECF No. 1, SAC, ¶ 190(a).)  Plaintiff John EG Roe alleges Officer Comagon was on notice because she observed his "discomfort, helplessness, fear, and inability to resist."  (*Id.*, ¶190(b).) Plaintiff John DC Roe alleges that the officers either engaged in the conduct or observed it, so they must have known there was "immediate harm requiring care."  (*Id.*, ¶ 190(b).) Plaintiff John AM Roe alleges an officer was on notice because he "observed its immediate physical and psychological effects;" Plaintiff John AM Roe also alleges he later reported the abuse (though did not request medical care).  (*Id.*, ¶ 190(d).)  Plaintiff John NO Roe alleges an officer should have known immediate medical care was needed because he had a "frightened and powerless reaction."  (*Id.*, ¶ 190(e).)  Finally, Plaintiff / / /

20

26cv03197-TWR-SBC

John LY Roe alleges that the officer was on notice of the need for immediate medical care because she committed the assaults and personally observed him.  (*Id*., ¶ 190(f).)

Plaintiffs fail to describe any actual injuries or serious and obvious emotional distress requiring *immediate* medical care.  Conclusory allegations are not "facts sufficient to constitute a cause of action," as required by Code of Civil Procedure section 430.10.  *Hegyes*, 234 Cal. App. 3d at 1111.  Simply stating that officers committed abuse and, therefore, should know Plaintiffs required medical intervention is vague and does not identify signs that would put an employee on notice of the need to summon immediate medical care.

Additionally, Plaintiffs assert that the medical needs were serious and obvious yet also state that they did not know of the need until years later because the County concealed or failed to disclose facts concerning the need for immediate medical and psychological care.  (ECF No. 1, SAC, ¶ 52.)  It cannot be that the need was so obvious that employees should know about it, but Plaintiffs themselves were allegedly unaware of the need until years later.  Plaintiffs fail to meet the burden of showing that any public employee knew or had reason to know of an immediate medical need.

Plaintiffs identify vague medical and psychological symptoms that may be unpleasant but do not rise to the level of serious injuries requiring immediate medical care.  The lack of serious medical consequences soon after the assaults demonstrates that these conditions were not actually serious and obvious enough to warrant summoning *immediate medical care*.  Other than alleging that the failure to summon medical care aggravated injuries or increased harm, Plaintiffs do not allege how such care would have remedied the physical condition requiring treatment or how any failure to summon immediate medical care proximately cased any harm, separate from the alleged sexual assault itself.  (ECF No. 1, SAC ¶¶ 190, 205.)

As in *Lucas v. City of Long Beach*, where emotional distress and being visibly upset were held insufficient as a matter of law to establish a need to summon immediate medical care, Plaintiffs' allegations here do not satisfy section 845.6.  Vague allegations

21

of physical injuries, acute emotional distress, and symptoms consistent with sexual assault do not constitute a serious and obvious medical condition requiring immediate medical care within the meaning of the statute. *Lucas*, 60 Cal.App.3d 341, 350.

Plaintiffs do not identify any *serious* injury at the time of the alleged conduct that would have been remedied by immediately summoning immediate medical care. Plaintiffs' claims are a vain attempt to circumvent the immunity afforded to public entities by Government Code section 844.6. As in *Lucas*, *Lawson*, and *Kinney*, Plaintiffs fail to allege facts establishing a serious and obvious medical condition requiring immediate care and further fail to plead proximate causation supported by facts showing that any failure to summon medical care caused Plaintiffs' injuries.

**E.    Plaintiffs' Claims Against County Employees in Their Official Capacities Are Claims Against the County, and the County Has Immunity for Such Claims.**

Plaintiffs' claims against County employees in their official capacities fail because they are claims against the County itself, and the County has immunity under Government Code section 844.6. "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690, n. 55. Thus, "any official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 459, 166 (1985).

### 1.    *The County has immunity for injuries to prisoners under Government Code section 845.6.*

The California Government Tort Claims Act governs most litigation against California public entities. *See* Cal. Govt. Code § 810, *et seq*. Its purpose "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . .." *Brown v. Poway Unified School Dist.*, 4 Cal. 4th 820, 829 (1993). California tort claims statutes generally hold public entities liable for the negligence of employees acting within the scope of their employment. Cal. Govt. Code § 815.2. However, California Government

26cv03197-TWR-SBC

Code section 844.6 confers immunity to public entities for injuries allegedly suffered by a "prisoner."  Section 844.6(a) reads:

> Notwithstanding any other provision of this part, except as provided in this section and in Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code, a public entity is not liable for: (1) An injury proximately caused by any prisoner. (2) An injury to any prisoner.

Apart from the enumerated exemptions, section 844.6 grants public entities absolute immunity with regard to injuries to prisoners.  *See Bitner v. Dept. of Correction*s *and Rehabilitation*, 87 Cal. App. 5th 1048, 1058 (2023) (public entities have immunity from liability for injuries by prisoners).  As stated in *Gates v. Superior Court*, 32 Cal. App. 4th 481, 510 (1995), that immunity applies to negligent as well as intentional tortious conduct.  There is a "general rule . . . that the governmental immunity will override a liability created by a statute outside of the Tort Claims Act.  Further, unless an immunity otherwise provides, the governmental tort immunities apply to intentional tortious conduct." *Id*.

People in juvenile detention facilities are prisoners under California Government Code section 844.6.  *Patricia J. v. Rio Linda Union Sch. Dist.*, 61 Cal. App. 3d 278, 287 (1976).  During the time of the alleged conduct, Plaintiffs were juvenile wards detained via court order at County juvenile detention facilities.  (ECF No. 1, SAC ¶¶ 8, 13, 37, 93.)

### 2. California Civil Code section 52.1(n) eliminated section 844.6 immunity in 2022, but it was not retroactive and does not apply in this case.

Civil Code section 52.1, the fourth cause of action, was amended in 2021 (effective January 1, 2022) to add subdivision (n), which states: "State immunity provisions provided in [Gov. Code § 844.6] shall not apply to any cause of action brought against any peace officer or custodial officer."  Nothing in the amendment states that it applies retroactively to conduct occurring before its effective date, nor is there any clear legislative intent to apply it retroactively.  California Civil Code section 3 provides: "[n]o part of [the Civil Code] is retroactive, unless expressly so declared."

23

26cv03197-TWR-SBC

This principle was applied specifically to the Bane Act in *Wiley v. Kern High School District*, 107 Cal. App. 5th 765 (2024). There, the Court of Appeal considered whether the 2022 amendment to section 52.1(n)—eliminating certain immunities for peace officers and custodial officers—applied to pre-amendment conduct in the context of statutory governmental immunity. *Id.* at 777–78. The court noted that California courts have "rejected the position that 'Civil Code section 52.1 prevails over the Government Code section 821.6 immunity.'" *Id.* at 778. The court held that the 2022 amendment does not apply retroactively, reiterating "[w]e presume that statutes are prospective unless the Legislature expressly indicates an intent for retroactive application." *Id.*

Reviewing the legislative history, the court found "no extrinsic evidence of intended retroactive impact" and no prior bill draft containing retroactive language. The Legislature merely stated that the bill would "eliminate certain immunity provisions for peace officers … sued under the act," which "is not a clear expression of retroactive intent because it does not expressly include preenactment conduct." *Wiley*, 107 Cal. App. 5th at 781. The court also rejected the argument that the amendment was procedural, holding that "the removal of an absolute defense to liability is more than a procedural change." *Id.* at 779. Ultimately, the court found no express or implied legislative intent to apply the amendment to past conduct and upheld dismissal based on Government Code section 821.6 immunity. *Id.* at 780–81.

Because all of the alleged conduct in this case occurred well before 2022, section 52.1(n) does not apply, and Government Code section 844.6's immunity for injuries to prisoners remains in effect. Since official-capacity suits are equivalent to suits against the entity and the County has immunity under section 844.6, claims against officers in their official capacities (causes of action three through nine) must be dismissed.

/ / /

/ / /

/ / /

24

26cv03197-TWR-SBC

**F.    Plaintiffs Seek an Impermissible Grant of Punitive Damages Against the County and Employees in Their Official Capacities.**

Plaintiffs' request for punitive damages on all causes of action against the County or employees in their official capacities is unavailable under the law.  Pursuant to California Government Code section 818, "a public entity is not liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  Section 3294 authorizes exemplary or punitive damages in certain non-contract cases.  Additionally, punitive damages cannot be recovered against an entity in § 1983 cases.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Punitive damages cannot be awarded against employees in their official capacity because, as discussed above, "any official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 459, 166 (1985).

Plaintiffs request punitive damages in all causes of action.  (ECF No. 1, SAC ¶ 230(d).)  However, punitive damages cannot be awarded against a public entity in either state-law or § 1983 causes of action, and an award against an employee in his/her official capacity is an award against the entity.  Thus, the Court must dismiss the request for punitive damages against the County and any employees in their official capacity.

V.    **CONCLUSION**

For all the reasons discussed above, the County's present motion to dismiss Plaintiffs' Second Amended Complaint should be granted. Since no amendment could cure the deficiencies, the motion should be granted without leave to amend.

DATED: May 29, 2026                 DAMON M. BROWN, County Counsel

By: *s/Jordan K. McCann*
         JORDAN K. McCANN, Principal Deputy
Attorneys for Defendant County of San Diego
E-mail: Jordan.McCann@sdcounty.ca.gov

25

26cv03197-TWR-SBC